Nos. 22-1019 & No. 22-1020 (consolidated)

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

EAGLE COUNTY, COLORADO,

Petitioner,

CENTER FOR BIOLOGICAL DIVERSITY, ET AL.,

Petitioners,

v.

SURFACE TRANSPORATION BOARD, ET AL.,

Respondents,

SEVEN COUNTY INFRASTRUCTURE COALITION
AND UINTA BASIN RAILWAY, LLC,

Intervenors.

———————————

**RESPONSE OF FEDERAL RESPONDENTS TO
MOTION FOR REMAND WITHOUT VACATUR**

———————————

Respondents the Surface Transportation Board (the Board) and the United States of America (jointly "Federal Respondents") respectfully submit this response to the Intervenor-Respondents' Motion for Remand Without Vacatur. Due to the Supreme Court's significant reform of judicial review under the National Environmental Policy Act (NEPA), the substantial narrowing of the issues, and the nature of the remaining issues following *Seven County*

*Infrastructure Coalition v. Eagle, County, Colo.,* 605 U.S. __, 145 S. Ct. 1497 (May 29, 2025) (*Seven County*), Federal Respondents agree that remand without vacatur is appropriate.

In this case, Intervenor-Respondents sought authority from the Board to construct and operate a rail line in Utah (the Line). The Board conducted an environmental review pursuant to NEPA and issued an Environmental Impact Statement (EIS). After reviewing both the environmental issues and the record on the transportation merits of the project, the Board considered the statutory Rail Transportation Policy factors and, consistent with the statutory presumption that rail construction projects are in the public interest and should be approved, authorized construction and operation of the Line. *Seven Cnty. Infrastructure Coal.—Rail Constr. & Operation Exemption—in Utah, Carbon, Duchesne, & Uintah Cntys., Utah,* FD 36284 (STB served Dec. 15, 2021).

On petition for review, this Court determined that the Board's EIS was insufficient, primarily because NEPA required the Board to more thoroughly analyze impacts from upstream oil development and downstream oil processing that would be facilitated by the Line. *Eagle Cnty., Colo. v. Surface Transp. Bd.*, 82 F.4th 1152, 1177-80 (D.C. Cir. 2023) (*Eagle County*). The Court also found that the Board's analysis of indirect downline impacts in Colorado (*i.e.*, impacts on a separate existing rail line from trains originating on the new Line) from rail

2

accidents, fire risk, and rail operation near the Colorado River was insufficient under NEPA without additional explanation or data. *Id.* at 1182-85. Finally, the Court held that the Fish and Wildlife Service's Biological Opinion was inadequate under the Endangered Species Act because it did not look at downline impacts on the Colorado River. *Id.* at 1186-88.

While most of this Court's *Eagle County* decision focused on the Board's NEPA analysis, the Court also looked at the Board's weighing of the Rail Transportation Policy. The Court found that the Board should have expressly considered that aspect of the Rail Transportation Policy concerning energy conservation and that it did not give adequate consideration to concerns expressed about the Uinta Basin Railway's financial viability. *Id.* at 1192-95. The Court found that the EIS's inadequacies "infect[ed]" the Board's final decision with the focus on what it held to be the Board's failure to weigh the upstream and downstream environmental impacts in the Rail Transportation Policy analysis. *Id.* at 1194. Because the Court determined that the Board did not fully consider the upstream, downstream, and downline impacts, it found that the Board needed to provide a more robust explanation as to why the transportation benefits outweighed the environmental impacts. *Id.* at 1195. The Court vacated the Board's decision, the EIS, and the Biological Opinion. *Id.* at 1196.

The Supreme Court granted certiorari, reversed *Eagle County*, and remanded the case to this Court for further proceedings. In *Seven County*, the Supreme Court grounded its discussion of NEPA by emphasizing that "the central principle of judicial review in NEPA cases is deference." *Seven County*, 145 S. Ct. at 1511. "So long as the EIS addresses environmental effects from the project at issue, courts should defer to agencies' decisions about where to draw the line—including (i) how far to go in considering indirect environmental effects from the project at hand and (ii) whether to analyze environmental effects from other projects separate in time or place from the project at hand." *Id.* at 1513. An agency should have "broad latitude" in drawing those types of "manageable line[s]." *Id.* Applying this principle, the Supreme Court found that the Board's analysis had not been accorded "the substantial judicial deference required in NEPA cases." *Id.* at 1510.

In addressing the Board's EIS, the Supreme Court held that the Board was not required to analyze effects from "potential future projects or from geographically separate projects," particularly when "those separate projects fall outside the Board's authority and would be initiated, if at all, by third parties." *Id.* at 1515. NEPA "required the Board to consider the environmental effects of [the] 88-mile railroad line's construction and operation" and "consistent with NEPA, the Board here *did* comprehensively evaluate those effects." *Id.* at 1516-1517 (emphasis in original). The Supreme Court determined that the Board was correct

4

in concluding that the upstream oil development and downstream oil processing were separate, independent projects that did not need to be considered as part of the Board's action authorizing rail construction and operation. *Id.* at 1518. To that end, the Supreme Court itself held that the Board did not violate NEPA with respect to its analysis of upstream oil development and downstream oil refining.

More generally, the Supreme Court noted, "[e]ven if an EIS falls short in some respects, that deficiency may not necessarily require a court to vacate the agency's ultimate approval of a project, at least absent reason to believe that the agency might disapprove the project if it added more to the EIS." *Id.* at 1514. Here, in light of the Supreme Court's "course correction" of judicial review of NEPA, *Seven County*, 145 S. Ct. at 1514, the substantial narrowing of the issues remaining in the case, and the nature of those issues, further consideration by the Board on remand of its decision to approve the project is well-suited to occur without vacatur. And the Court gave no "reason to believe that the [Board] might disapprove the project" if it were to engage in additional analysis.

The Board and the Fish and Wildlife Service both want to address any remaining issues expeditiously and appreciate the Court's consideration of Intervenor-Respondents' Motion for Remand without Vacatur. For all these reasons, the Court should grant that Motion and remand without vacatur.

5

Respectfully submitted,


/s/ *Barbara A. Miller*_____          /s/ *Justin D. Heminger*_____
ANIKA S. COOPER                      ADAM R.F. GUSTAFSON
General Counsel                      Acting Assistant Attorney General
ADAM M. KRESS                        JUSTIN D. HEMINGER
Acting Deputy General Counsel        Environment and Natural Resources
BARBARA A. MILLER                    Division
Attorney                             U.S. Department of Justice
Office of the General Counsel        Post Office Box 7415
Surface Transportation Board         Washington, D.C. 20044
395 E Street SW                      (202) 514-5442
Washington, DC 20423
202-253-3346                         *Counsel for Respondents United States of*
Barbara.Miller@stb.gov               *America and U.S. Fish and Wildlife*
                                     *Service*
*Counsel for Respondent Surface*
*Transportation Board*



Dated:  July 22, 2025

# CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because this document contains 996 words.

This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

/s/ *Barbara A. Miller*
*Counsel for Respondent the*
*Surface Transportation Board*